IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DAVID MARSHALL WOODWARD,**

    **Petitioner,**

  **vs.**                                      **NO. 08-CV-343 MV/WDS**

**MICHAEL HEREDIA, Warden,**

    **Respondent**.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

This is a Petition For a Writ of Habeas Corpus filed under 28 U.S.C. § 2241 by David Marshall Woodward. Woodward is acting *pro se*. Respondent has filed a Response in opposition to the Petition. The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds and recommends that the Petition should be denied. The Court makes the following findings and recommended disposition.

## CLAIM

Petitioner seeks relief on a single ground: that he has been denied a protected liberty interest in earned good time credits contrary to the due process of law because of Respondent's refusal to apply earned good time credits to Petitioner's parole eligibility or to cause his immediate release.

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 31, 1992, in Cause No. CR-90-1051, Petitioner was convicted in Bernalillo County District Court of three counts: Murder in the First Degree, Aggravated Burglary, and Battery. Petitioner's convictions on these counts were pursuant to a verdict of guilty. At sentencing, Petitioner received the following sentences: 1) life imprisonment for Murder in the First Degree; 2) nine years of incarceration for Aggravated Burglary; and 3) six months of incarceration for Battery, for a total term of life plus nine and one-half years. The State court judge imposed the sentences to run consecutively; however, Petitioner was credited for 58 days of pre-sentence confinement and for post-sentence confinement until delivery to the place of incarceration.

Petitioner did not take a direct appeal of his convictions or the sentences imposed but instead sought relief by means of a petition for writ of certiorari to the New Mexico Supreme Court. In his certiorari petition, Petitioner admitted that *Comptor v. Lytle*, 81 P.3d 39 (N.M. 2003) (holding that the petitioner was not eligible for a parole hearing until he had served thirty years of his life sentence, good time credits notwithstanding) was controlling but asked the New Mexico Supreme Court to overrule the decision and to compel Respondent to apply all earned good time to Petitioner's parole eligibility. That petition was denied, without discussion, by the New Mexico Supreme Court on March 7, 2008. The instant federal habeas petition, filed March 31, 2008, followed.

**ANALYSIS**

Because the instant petition challenges the execution of Petitioner's sentence, rather than the fact of his conviction, it has been properly characterized as a § 2241 petition. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (noting that § 2241 petitions are used to attack the execution of a sentence, including the deprivation of good time credits). A habeas

petitioner seeking relief under § 2241 is generally required to exhaust the remedies available in State court. *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). Respondent concedes that Petitioner has exhausted his State court remedies. The Court agrees that Petitioner, having presented the same issue to the highest state court in New Mexico, has indeed exhausted his State court remedies. *See Maestas v. Utah State Bd. of Pardons*, 64 F.3d 669 (10th Cir. 1995) (noting that the exhaustion requirement is satisfied by presenting the substance of the habeas claims to the state's highest court).

Under § 2241, Petitioner must also exhaust his administrative remedies with the Bureau of Prisons. *Dulworth v. Evans,* 442 F.3d 1265, 1269 (10th Cir. 2006) (noting that a § 2241 petition must "exhaust available state remedies" and that "[t]his requirement extends to the exhaustion of *administrative* remedies as well"). In his certiorari petition, Petitioner alleged that he had exhausted "all prison classification procedures and appeals for this matter" and that "[n]o relief was provided." *See* [Doc. 8, Ex. C., at 1.] Here, Respondent has not argued that Petitioner failed to administratively exhaust. Further, because the New Mexico Supreme Court did not expressly deny habeas relief on procedural grounds, the Court presumes that the court adjudicated Petitioner's claims on the merits rather than denying relief for failure to exhaust. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004). Even if there is some question as to the administrative exhaustion of Petitioner's claims, the Court finds that it may proceed to address and deny on the merits even unexhausted claims. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

The instant petition, like Petitioner's certiorari petition, seeks the application of good time credits to Petitioner's life sentence and, accordingly, an acceleration of Petitioner's parole eligibility date and ultimately an immediate release. Petitioner alleges that he has earned seventeen years of good time credits for meritorious good time, industrial good time, support services good time, and lump sum award good time. Yet the record shows that these good time credits have not been applied

to adjust Petitioner's parole eligibility date. *See* [Doc. 8, at Ex. B] (indicating a "parole status" of "2022-01-30").

As noted by Respondent, and by Petitioner in his certiorari petition, the New Mexico Supreme Court has determined that inmates serving a life sentence should not be released on parole prior to actually serving thirty years in prison, regardless of the good time credits that they have accumulated. *See Compton*, 81 P.3d at 44. Here, Petitioner was sentenced on January 31, 1992 to a total term of life plus nine and one half years with credit for 58 days of pre-sentence confinement. Based on the Court's calculations, Petitioner will not have been incarcerated for thirty years, and therefore not eligible for parole, until sometime in November of 2022 at the earliest.

The instant petition asks the Court to reexamine and overrule the state appellate decision in *Compton,* and moreover, it necessarily involves a question of state law (i.e. the application of state good time credits to state prison sentences). But it is "not the province of a federal habeas court to reexamine state court determinations on state law questions." *Scrivener v. Tansy*, 68 F.3d 1234, 1238 (10th Cir. 1995). Put another way, a claim that New Mexico courts have misinterpreted New Mexico law is not grounds for federal habeas relief. *See Morris v. Burnett*, 319 F. 3d 1254, 1268 (10th Cir. 2003). Arguably, Petitioner's claim -- that Respondent improperly failed to adjust his state parole eligibility date based on state good time credits -- amounts to nothing more than a claim of error under state law. Without more, this claim does not present a question cognizable in a federal habeas action.

Indeed, Petitioner would only be entitled to federal habeas relief in this context if he could demonstrate State court error depriving him of fundamental rights guaranteed by the United States Constitution. *Brinlee v. Crisp*, 608 F.2d 839, 843 (1979). Although Petitioner suggests that Respondent's action, or more precisely his inaction, amounts to a violation of the Due Process

Clause, Petitioner simply cannot establish any state-created statutory right to good time credits for capital felons. And to the contrary, the New Mexico Supreme Court has unambiguously held that capital felons must serve thirty years before being parole-eligible regardless of good time credits that they have accrued. Significantly, the interpretation of state law by state courts is binding on a federal habeas court. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (reasoning that the State supreme court's construction of state law was binding in determining whether the Due Process Clause had been violated).

Accordingly, this Court accepts as binding the New Mexico Supreme Court's construction of state law regarding good time for capital felons in *Compton* and finds that Petitioner has not raised a cognizable claim in habeas.

## RECOMMENDED DISPOSITION

The Court recommends that David Marshall Woodward's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed March 31, 2008, be DISMISSED with prejudice.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**